UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ground Penetrating Radar Systems, LLC,    Case No. 3:26-cv-239

       Plaintiff,

v.    ORDER

Ethan King,

       Defendant.

On January 29, 2026, Defendant Ethan King removed this action from the Lucas County, Ohio Court of Common Pleas by invoking this Court's diversity jurisdiction. (Doc. Nos. 1 & 2).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). That is, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

In the Notice of Removal, Defendant alleges Plaintiff Ground Penetrating Radar Systems, LLC is a citizen of Ohio. (Doc. No. 1 at 2). In support of this allegation, Defendant states, "The Complaint alleges that Plaintiff is a Delaware limited liability company with its principal place of

business in Ohio." (*Id.*). But an LLC's citizenship is determined by the citizenship of each of its members and sub-members, not by its principal place of business. Because Defendant has not alleged facts from which I can determine Plaintiff's citizenship, I cannot conclude this Court's diversity jurisdiction was properly invoked. *See Delay*, 585 F.3d at 1005.

To maintain this action in federal court, *see* 28 U.S.C. § 1447(c), Defendant must supplement the Notice of Removal by filing an affidavit of jurisdiction on or before March 15, 2026. In the affidavit, Defendant shall:

1.) Identify each of Plaintiff's members and sub-members, which "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); and

2.) State jurisdictional allegations sufficient for me to determine the citizenship of each member and sub-member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

While I acknowledge that it is Defendant's burden to establish this Court's diversity jurisdiction was properly invoked, I remind Plaintiff's counsel of this Court's expectation of collaboration and urge them to actively participate in acquiring the relevant facts required to determine appropriate jurisdiction so jurisdiction can be verified as soon as possible.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge